IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MIRIAN VILTRES,<br>*Plaintiff* | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 2:20-cv-94 |
| | §<br>§ | JURY DEMANDED |
| WAL-MART STORES TEXAS, LLC<br>*Defendant* | §<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff, Mirian Viltres, complaining of Defendant, Wal-Mart Stores Texas, LLC, and in support thereof would respectfully show the Court as follows:

### I. VENUE AND JURISDICTION

1. Plaintiff, Mirian Viltres, (hereafter "Mirian Viltres") is a citizen of the State of Texas.

2. Defendant, Wal-Mart Stores Texas, LLC. (hereinafter "Wal-Mart"), is a limited liability company formed under the laws of Delaware with its principal place of business in Bentonville, Arkansas, and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service of citation (with attached pleading) and thus proper notice of this legal proceeding is hereby requested.

3. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. Diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332. The incident, which is the subject of this complaint, occurred in the County of Nueces, State of Texas.

## II. Nature of the Case

5. On or about March 6, 2019, Mirian Viltres, was in the course and scope of her employment with Defendant Wal-Mart Stores Texas, LLC, located at 4109 S. Staples Street, Corpus Christi, Texas, when she sustained severe and permanent injuries to her body as she was performing her duties stocking a Wal-Mart aisle shelf. Defendant, Wal-Mart Stores Texas, LLC, was a non-subscriber under the Texas Workers' Compensation laws.

## III. NON-SUBSCRIBER STANDARDS

6. Wal-Mart does not subscribe to a policy of workers' compensation insurance and, therefore, Mirian Viltres was forced to bring this complaint to recover damages pursuant to the provisions of Section 406.033 of the Texas Labor Code – personal injuries while in the course and scope of employment.

7. As a non-subscriber, under the Texas Workers' Compensation Act, and pursuant to Section 406.033 of the Texas Labor Code, Wal-Mart has lost its right to assert common law defenses of:

   a. Contributory negligence;

   b. That the injury was caused by the negligence of a fellow employee;

   c. Assumption of the risk.

## IV. Causes of Action
## WAL-MART STORES TEXAS, LLC

### COUNT I: Negligence

8. Wal-Mart was negligent in failing to provide a safe work place and environment for the job required of Mirian Viltres.

9. Wal-Mart owed a duty to exercise ordinary care in providing Mirian Viltres a safe work place environment, including safe instrumentalities to do her job.

10. Wal-Mart, by and through its agents, servants, and employees, failed to use the degree of care which an employer of ordinary prudence would have used under the same or similar circumstances by:

    a. Failing to maintain a safe work environment/property;

    b. Failing to maintain a safe work environment/property free from unnecessary hazards;

    c. Failing to remove dangerous conditions;

    d. Failing to properly train its employees;

    e. Failing to maintain, inspect and supervise employees;

    f. Failing to warn Mirian Viltres of an unreasonably dangerous condition;

    g. Failing to comply with minimum standards of safety to include, but not limited to OSHA;

    h. Failing to have policy and procedures in effect and enforced to prevent unnecessary hazards and injuries to employees;

    i. Failing to provide Mirian Viltres with safety equipment to do the job safe; and

    j. Other acts deemed negligent.

11. Each of the above acts of omission and commission, singularly or collectively, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's actual damages.

## V.  LEGAL DAMAGES AND RECOVERIES TO COMPENSATE PLAINTIFF

12. At the time of her injuries, Plaintiff, Mirian Viltres, was in reasonably good health with a normal life expectancy.

13. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered and will continue to suffer a tremendous amount of pain and mental anguish. Plaintiff seeks all just and right remedies at law and in equity, including but not limited to:

   A. Reasonable medical care and expenses in the past.

   B. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future.

   C. Loss of earnings in the past.

   D. Loss of earnings and earning capacity, which will, in all probability, be incurred in the future.

   E. Mental anguish in the past.

   F. Mental anguish in the future, which will in all probability, be incurred in the future.

   G. Pecuniary loss in the past.

   H. Pecuniary loss in the future, which will in all probability, be incurred in the future.

   I. And all other legal damages and just and right compensation as allowed both in law and in equity.

14. All losses, harm, and legal damages suffered by Plaintiff were caused by, and proximately caused by, Defendants' negligent acts and/or omissions (some of which are listed herein).  For all such claims and losses, Plaintiff now sues.

15. Plaintiff, Mirian Viltres, requests monetary damages against the Defendant in amounts to be fixed by the trier of fact to be just and reasonable, for pre and post-judgment interest, for court costs and for all other appropriate relief.

## JURY DEMAND

16. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against Defendant, for compensatory damages in an amount within the jurisdictional limits of the Court; for all pre-judgment and post-judgment interest as allowed by law and equity; for all costs of court; and for such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**GOWAN ELIZONDO, LLP**
555 N. Carancahua, Ste 1400
Corpus Christi, Texas 78401
Phone: (361) 651-1000
Facsimile: (361) 651-1001

/s/ *John D. Schroeder*
Gregory L. Gowan
State Bar No. 00795384
ggowan@gelawfirm.com
John D. Schroeder
State Bar No. 24093971
jschroeder@gelawfirm.com